Thank you, I'd reserve five minutes. May it please the court, Matthew DiPerno on behalf of the appellants. This case, we believe, is about collection actions. Collection actions that were taken by the IRS up to and during the collection due process hearings that my clients applied for and that they attended. And in this case, we believe that the IRS violated the procedures under the Internal Revenue Code in the way that they conducted those hearings and the way that they treated the clients. Why is it a collection activity when the regulations seem to say that the IRS has to suspend collection activities pending this particular hearing? Well, that's to ensure that during that period that there's no lien action or levy action taken, that the IRS doesn't go out and seize any actions while you're appealing those actual collection actions that are taken. And why isn't that the same as saying that there aren't collection activities? If they can't be doing those things, they're not engaging in collection activities. I think they sure are. I think they're still engaging in collection activities. They're still trying to collect the tax. It's just through an alternative method because the taxpayer is going to propose other methods in which the tax can be collected. For example, an installment agreement, some other type of payment plan. Those are methods of collection that the IRS is engaged in. I think what the regulations hit at is that while the taxpayer is trying to work out and propose those other collection alternatives, they don't get hit with a levy during that period. I understand as a matter of common sense how we might come to the conclusion that you are arguing for, but we're not dealing with common sense here. We're dealing with a statute and a regulation that define collection, or the regulation defines collection action in a particular way. So what do you say about that? Well, maybe that's the problem we have, is that anyone who's actually practiced in that area and gone to these hearings know that everything about them is collection. That's what they're doing. They're collecting the tax. Well, I mean, we're stuck with it, whatever we might think about the common sense or what one would think from another perspective. Well, the regulations define it as a collection action, but the statute itself, Section 6330, talks about collection action too and states specifically that a taxpayer is permitted during that hearing to challenge the appropriateness of the collection actions. It wouldn't be within that statute itself if there weren't collection actions. And then the regulations that we've cited too also talk about the idea that the collection action generally includes any action taken by the IRS to collect the tax or, and I think this is important, or any action taken by a taxpayer in response to the IRS's failure to act in connection with the collection action. I think my question actually included sort of a misleading or inappropriate, it's the fact that the regulation, whether it does or does not apply to the statute in question, is the real operative, not how the regulation is to be interpreted, correct? Are you asking whether the... I'm just correcting my earlier question, which I think didn't make any sense in light of what the ultimate issue in the case is. Well, I wasn't going to say that. Are you saying that the regulation under 7430 doesn't apply to the statutes we're dealing with? Is that the question? The question has to do with whether the regulation, which is, I understand it's section 301.74303, includes hearings under sections 6, well, is the hearing under... I've gotten lost in the statute. I'm sorry. The hearing's under 6330. Yeah. So you're asking whether or not that regulation applies to that section. I badly need a copy of the regulation in the statutes at this point. I think the question is whether 7430 applies to 7433. I think, yes. Thank you, thank you. And I think it does because they have to be read in conjunction with each other, because 7433 is the section that we brought the lawsuit under, but 7430 is the section under which the penalties can be assessed. So they have to be read together. And the regulation under 7430 talks about collection actions generally. It doesn't limit it to this section. It talks about it generally. And then when we look at the other sections that we're dealing with, 6330, those sections also have reference to the term collection action, which brings us also back to the regulation under 7430. So, yes, I think they do apply. I think they're connected. And I think that's why the regulation specifically talks about collection action generally. I'll also point out, as that has been briefed, the amendment to It talks about collection action generally, though. It limits it to this particular context, though, doesn't it? Isn't there limiting language? I don't think it limits it at all. I think it talks about it generally in the term of what that definition means. And then the regulation says that, for example, a collection action for purposes of 7430, and this section includes any action taken by the IRS under Chapter 64 of Subtitle F. And that's all the sections we're talking about. We can't say that it's limited just to 7430 when it specifically references Chapter 64 within the regulation. And that kicks in all the sections under Subchapter F, which include 6630 or 6330. I'm sorry. And then when we look at the amendment to the regulation, the amendment on March 1, 2016, says collection actions also include collection due process hearings under 6320 and 6330. So now the regulation specifically brings those in and mentions them. And I think that's important. That's sort of a wash, though, right? I mean, if they clarify it, does that mean that before they clarified it, it included the clarification? I mean, that's always – you could always say, well, they changed it because before then it didn't say that. Or you could say they changed it because before then it did say that. I would say that, too. You're kind of left with – I would say they changed it to – Well, sure you would. But, I mean, somebody else will say the opposite, and it's really kind of hard to determine. Sure. But isn't it true that the regulation that we're talking about is defining administrative proceeding for the purposes of Section 7430? It does that as well, but I think – Well, but then – and then in the definition of administrative proceeding, you get to something that includes collection actions defined as. So that if you look at the overall limitation of the regulation, it's limited to for purposes of Section 7430. That's what I was asking about when I said, is there limiting language? Why isn't that limiting language? I don't think there is a limit. I understand what you're saying, but in – Well, I know you disagree with that. I'm asking why. Well, because the regulation specifically says that, for example, it gives an example of what a collection action is, and it says any action – But that's for the purpose of outlining an exception to what amounts to administrative proceeding, quote, for purposes of Section 7430. Is that right? I think that's a – you can look at it that way. I don't know. Well, all right. Then I'm asking why. Now, there is the language there that could be looked at that way. You agree. I would – Why shouldn't we look at it that way? That's my question. I think because the regulations talk specifically about any action taken by the IRS under Chapter 64 of Subtitle F. And that actually – that brings in all these sections. If it was limited strictly under 7430, we wouldn't have that language in there. We wouldn't refer back to 6330 and collection due process hearings. There would be no need – You're taking – you're reading the section that says includes any action taken by the Internal Revenue Service. What that's modifying is the words, quote, a collection action for purposes of Section 7430. So it's saying that actions under Chapter 64 of Subtitle F to collect a tax are collection actions for purposes of 7430. That doesn't mean simply because 7433 is also under Chapter 64 that it encompasses that. It specifically narrows it, doesn't it? Well, I think in that context, under 7430, we don't get to 7430 unless we go through 7433. You've got to get to 7430 through 7433. I don't understand what that means. Well, the 7430 is the section that applies the penalties that you get through once you make the claim under 7433. And I think our claim in this lawsuit, I think, was under 7433 and then 7430 is the penalty provision. But you're using 7430, which defines collection action, to say that the proceeding under 7433 is a collection action, right? Yes. And the language that you're looking at says that the words any action under Chapter 64, that's what you were relying upon a moment ago, modifies a collection action for purposes of 7430. In other words, what you're relying upon is limited to 7430. It doesn't seem to be expansive enough to also include 7433. I understand that argument. So why is that right? I think that's the IRS's argument. So why is that right or wrong? Because it's just an example. That's just one example of what a collection action is. But when you look above, it says a collection action generally includes any action or any action taken by the taxpayer in response to the collection action. So that section, right at the first sentence where we start out, says a collection action generally. That's how it defines it generally, which we then use, I believe, throughout all these sections of the Internal Revenue Code to define collection action. Because I don't find another definition. Has 7433 ever been – maybe I got the number wrong. You're suing under 7433, right? Yes. Has that ever applied to these collection due process hearings? Has any court ever held that? There have been a number of cases that have talked about collection due process hearings. Well, that's not what he asked you. What about what I asked you? No. If I understand your question, if you're saying – You're saying some things that were done in the collection due process hearing are subject to suit under the statutory provision 7433. You go in and you sue. You get relief from the government, $50 for being insulted or whatever. Has any kind of relief ever been granted for CDP proceedings? Has any court ever done that? You're asking us to do something unprecedented. Yeah, I think I'm asking you to do something unprecedented. Well, in fact, the only two cases that were cited to us have reached the opposite conclusion. Which are those cases? That is Antiocho and Torniccio. One is the Northern District of California and the other is the Northern District of Ohio. That, as I understand it, said that CDP hearings are pre-collection procedures rather than collection actions under 7433. Correct. That's what Antiocho said. So, in answer to Judge Rogers' question, there are cases that have come to the opposite conclusion of the one you want us to reach. I'm not suggesting these are binding on us, but the other cases go the other way, right? Yes. You're right. I'm sorry, you're right. Antiocho does go the other way, and I would suggest to you that... I just wondered if anyone else... I don't know of any... New things happen all the time, but sometimes we tread a little carefully when we're traveling the path. My time's up, but I'll... Are there any other questions? Good morning, Your Honors. Gretchen Wolfinger for the United States. The section under which the appellants have brought suit, 7433, provides for damages in a limited category of cases in connection with any collection of federal tax. And as I'm sure the panel is well aware, that's a waiver of sovereign immunity, and the language in that statute is narrowly construed. The cases that have considered 7433 in connection with CDP proceedings, and we've cited you four cases, which Judge McKeague has noted two or more, have all found that CDP proceedings are not collection action, but they're a predicate to collection action or they're pre-collection action. There are no cases that have been cited to the contrary. This is consistent with the interpretation of 7433 narrowly as a waiver of sovereign immunity. It's also consistent with the CDP statute itself, which, as the Court has noted, specifically says that collection action will be stayed during the pendency of CDP proceedings or any appeals therefrom, with some limited exceptions. I think the odd part about this that I'd like you to comment on is that I want to focus for a moment on what generates the taxpayer request for one of these hearings. The IRS is actually doing things to try to collect the tax prior to the taxpayer then having a right to one of these hearings, right? Broadly speaking, yes. At a minimum, you might have sent them a notice of an intent to levy, correct? Yes. Now, just in the abstract, would the IRS dispute the concept that a notice of intent to levy is a collection activity? Yes, we would dispute that, Your Honor. What is it, just being your friendly IRS? No, Your Honor. If you look at a notice of intent to levy, the actual collection activity would be like, we'll say the intent to levy was issued on a bank account. So if the statute requires you to send out a notice before you actually levy it. Yes. You're saying the levy is the collection activity, but notice telling the taxpayer, hey, I'm going to do this is not part of the collection activity? That would be in connection with the case we have here. We would call that pre-collection activity. I know what you call it. I'm just trying to figure out. Here's what I was trying to allude to at the beginning. It seems to me sending out a notice of intent to levy is part of a collection activity. So it seems to me, just logically speaking, you're engaging in collection activity by complying with the statute that says that's what you've got to do before you levy. Then you're almost saying it pauses when the taxpayer then requests this hearing. So it's set aside. Then you're saying there's no collection activity during the hearing, and then if they don't reach a compromise, then the collection activity starts again. That's what I thought you were going to say. You actually said there isn't any collection activity until after the hearing is over, which, frankly, seems to stretch things. I will just say that for purposes, Your Honor, honestly, I don't know how to respond to that. My reluctance in responding to that is it may call into question other statutes and other provisions of the Internal Revenue Code that I don't want to make a misstatement here that would affect those. I would say that our position is that the CDB proceedings are not collection activity. If you want to phrase it. Well, you've gone further than that. You've said that, at least off the top of your head, you don't think the things that precede the hearing are collection activities either. I was thinking of that in connection with what we have here. You want to pull that back and basically say you're not sure what the pre-CDC stuff is? Yes, because of other provisions in the Internal Revenue Code that I don't want to get into right now. But we would certainly say that in the context that with the – I'll just leave it there, Your Honor. Just very quickly to finish up. So I want you to assume for a second, without agreeing, that the pre-hearing activities that resulted in the request for a hearing are collection activities. Does that change the analysis at all as to whether the hearing itself is a collection activity? Or in other words, a continuation of what had previously started? Or would we look at it as pausing your collection activities and it, in and of itself, is not a collection activity? I think you have to look at the CDP hearing itself without what comes before, comes after, and that is pre-collection. It's certainly pre-collection with what comes after. Well, anything that's before something is pre-what comes after. Does that help us? I think it does for the question that you have here, Your Honor. We're just looking at what happens – I'm trying to think of your hypothetical. Even if it's paused according to your theory, it's not collection activity. Whether it's paused under your theory or whether under my theory it's something completely separate, it's not collection activity. Does that answer your question? Not by theory. I'm just saying that if there was collection activity going on, a hearing is requested and held. The only way that that wouldn't be collection activities then is if it paused the earlier collection activities. I'm not saying that's a theory. It just seems to me to be logical, if my hypothetical is correct. Well, under 6330, any collection activity is stayed, and I'm trying to think of whether collection activity could have proceeded prior to a CDP hearing, and I don't know if that's the case either. I'm sorry, Your Honor. Can I ask sort of a general question about 7433? That's in order to achieve, to get compensation for stuff that's illegal or improper in the collection of taxes. Is that right? I mean, that's the whole idea. If the IRS does something they shouldn't do, you should be able to sue and get money from it. So let's assume something that we all agree they can't do. Let's say they call up and say, we see you owe a lot of money to the IRS, we're going to stop your mail, or we're going to shoot your dog. That's covered, right? I mean, if they do that, you can sue under 7433? Or is that not collection activity because it's illegal and therefore you can't sue? That would be strange, wouldn't it? Are you with me? I hope so. 7433 would pertain to collection activity. So I'm trying to think of an example. If, for example, they, it was, I'm trying to come up with a simple example. It was a husband and wife that owe taxes, but they levied on a bank account that was unconnected to the husband and wife. I'm asking if more egregious stuff happened, would that be covered as well? Why not? It would seem strange if it wasn't. What if they just, what if you had sort of a rogue IRS, I know it's hard to imagine, and they just call up and threaten them with some sort of thing that they have no right to threaten them with? We'll draft your kid or something. It would have to be within the parameters of 7433. That's what I'm asking, if it's within the parameters, to do something illegal to try to collect a tax, like threaten. Sure, I mean, I thought it was sort of a basic. I may be missing the point of your question. Well, I haven't got to the point yet because I'm trying to lay out an underlying understanding. 7433 says, I believe I'm looking for the exact language of the statute. It says it has to be, recklessly or intentionally or by reason of negligence disregards any provision of this title, which would be Title 26, or any regulation promulgated under this title. So you have to be violating something specifically prohibited, is that right? Yes. You can't just be doing something that's not authorized. Yes. But what do all those things cover? I mean, what do those things protect? What does 7433 protect? You said you have to be in, 7433 allows for a cause of action when you're in violation of what? Any provision of this title, which would be Title 26. Any provision of the IRS code. Yes, or any regulation promulgated under this title. So, if there, well, Rita, I don't have it in front of me. Rita, again, it has to be limited somehow. This isn't a suit for any action under the IRS. You have to negligently, recklessly, or intentionally violate the tax code or any tax regulation. So we have to figure out, I mean, another way to look at this case is ignoring whether this is or is not a collection activity. What provision of the tax code or tax regulation did an IRS agent violate here that would then fall within the provision that gives damages for it? They don't really cite, I don't think, what code provision is violated. In other words, back to Judge Rogers' example, being mean at a hearing, probably, it seems a stretch to say that being mean at a hearing, or being disrespectful at a hearing violates the tax code or violates a tax regulation. Correct. So what provision of the tax code or what regulation do you believe they are claiming the IRS violated that would entitle them to damages assuming that a hearing is a collection activity? Well, Your Honor, I don't know if it's either best or prudent for me, from the perspective of my client's interest, to answer that question. I didn't ask you, I asked you what do you think they're arguing. I'm not asking you to make up an argument for them. I think that I am in two respects, Your Honor. Number one, we would first dispute quite strongly that anything happened here that was actionable because it hasn't been addressed yet. The government hasn't, in the procedural posture of this case, been able to rebut what's been alleged in the complaint. But I don't know what they've alleged, and I would, as I said— You mean their allegations don't identify any particular provision of the tax court that has been departed from? Not anything specific. I realize you have to accept that your agents did what the taxpayer says they did. I got that. What provision of the tax code or regulation do you understand them to be saying, assuming that what they claim is true, was violated? I would presume that since everything in their complaint pertains to the CDP proceeding, that it's something that occurred during the CDP proceeding and 6320, 6330, and the regulations thereunder. With all due respect, you're still not answering the question because to say it occurred—we all know it occurred during the hearing. Now we have to figure out what regulation says they had to do something they didn't do during the hearing or they couldn't do something they did during the hearing. I don't know that they have identified anything. The primary allegations they make is that an installment plan was not accepted. Well, that's a discretionary decision under the regulations, so they're talking about things that appear to be discretionary and not mandatory. Let me help you out. They say, we came to the hearing and we had a whole list of things that we wanted to talk about, and they were rude and mean and they wouldn't let us talk about all the things on our list. So just cabinet to just that. What regulation does that violate? In other words, what regulation says you get to come with a list and you get to talk about everything on the list? That's the purpose of a CDP hearing, but I don't know if it's specifically provided that you have to be able to discuss everything on your list. It's like any other hearing. It's like this court hearing. I may not get to all my arguments, but I've had an opportunity to present my arguments. Okay. I'll wait and ask your fellow counsel. I'd like to ask a question about the other part because really the issue, as I take it, is not the portion of 7433 that relates to other provisions of the IRS or all the other provisions of the IRS, but rather the words collection action. What's the clause that includes those words? What's that say? I don't have it in front of me. In 7433? Yeah. It uses the word collection action, right? In connection with the collection of any federal tax. In connection with the collection of... If in connection with any collection of federal tax. Any collection of federal tax. So this has to be those words in order to fall under the waiver of sovereign immunity, right? It has to be in connection with the collection of tax? Yes. And that's what the lower court threw this out on. It said it didn't meet that standard of being in connection with the collection of a tax, right? Correct. All right. So that's what I'm trying to get at, what Congress may have meant by those words. Would it be in connection with the collection of a tax to threaten somebody or to do something against some other... I mean, the IRS code, it's inches thick. There must be all kinds of limitations on what you can do in there. But this isn't for a violation of any of those various limitations. It's only a limit on those words there, in connection with a collection of a tax. Yes. Right? So I'm having trouble seeing, apart from whether bullying somebody or threatening to cut off their mail is a violation of some other part of the IRS, is it in connection with collection of a tax? That's what I'm trying to ask. Does that make sense? Yes. Please answer that. I know you've answered some of the questions. Collection actions that you would be familiar with typically would be actually levying on a bank account, taking money out of someone's bank account to pay taxes, foreclosing on a lien, taking title to property, and selling the property at auction to collect someone's tax liability. Those are collection actions. Being mean to someone, threatening someone, is not a collection action per se. I wonder about that. But anyway, I'm not sure it matters to my question. What I was trying to lay the foundation for was it seems to me that what makes a CDP not a collection action is that it's not part of what the IRS is doing to get money. It's something that they've set up as a hurdle before they get money. It's set up as a protection. I thought that was the whole thrust of your position. Not that it was before a collection, but rather that it goes in the opposite direction from a collection. The IRS is moving forward to collect. That fits within the language of in connection with a collection. But hurdle that's set up or protection that's set up in order to stop a collection, that's not sort of intuitively part of a collection. It's a protection against collecting. It's going in the other direction. But if that's not the content of your distinction, then it's less clear to me what the distinction is. Again, may I continue? Yes, please. Yes, that's what we're arguing, that the CDP proceeding is pre-collection. Pre connotes time, which is causing some confusion. It's not collection in the sense that a number of things could happen. There could end up being no collection of taxes because as a result of the CDP proceeding, they determined that there's no tax liability. There could be you have to have an amount of taxes you want to collect, and it could be as a result of the CDP proceeding that the amount of the liability changes. So you're collecting a different amount. Thank you. All right. Your turn. Thank you. At you.  Mr. DiPerno. Gagnon. Garnon. So, Mr. DiPerno, I was focusing on this case in a slightly different way, assuming that one of these hearings is a collection activity. All 7433 says is that you can bring an action, a civil action for damages, if in collection with, and we're going to assume that the hearing is a collection activity, an employee of the IRS recklessly, intentionally, or by reason of negligence disregards any provision of this title or any regulation promulgated under this title. So what title or regulation are you saying that they violated, assuming it is a collection activity? Well, the title is the Internal Revenue Code. And there's multiple sections within the Internal Revenue Code, which we collectively refer to as the Taxpayer Bill of Rights, that are incorporated within the Internal Revenue Code. The Taxpayer Bill of Rights states that taxpayers are entitled to fair treatment. Can you give me any citations at all to either the Internal Revenue Code itself or regulations under the Internal Revenue Code that you say were violated during the hearing, assuming it's a collection activity? 6320 is a section that entitles a taxpayer to a fair hearing without ex parte communications, I believe. 6330 itself entitles a taxpayer to a fair hearing. And then generally the Taxpayer Bill of Rights, which, as I said, is incorporated within the tax code. I can't give you every citation as to what that encompasses. Okay. All right. You've answered the question. I'll look at those. Thank you. Now I want to address the issue of there are a number of cases cited by the respondent in this case. And I think the problem we have with this area of the law, as it stands, with some of these court cases is all these court cases that have come out, the Shaw case, some of the other cases, all deal with the assessment of tax, people challenging the assessment of tax. We don't have that in our case. Our case, I think, is distinct in that area. We already had an assessment. These were tax returns that the taxpayers actually filed. They're 941 tax returns. There's no dispute over the amount of tax due. What happened then was the IRS came in and started collecting those taxes. They issued a notice of levy. The IRS agent took her business card, put it in the lobby of the building for the taxpayers, which denoted, you need to call me immediately for taxes due. You can't disclose that to the general world in the lobby. These are all things that violate the tax code that they did. And they were actively engaged in collection action. Then they filed the CDP hearing, which suspends some collection action. If you look at the actual section that talks about suspending collection action, it doesn't suspend every collection action. Say, for instance, the IRS has a garnishment out there against somebody and issues a notice of intent to levy on property, which gives someone the right to a CDP hearing. What the CDP hearing may do is suspend that levy as to the property, but it doesn't suspend the collection action that's already occurring. So it's not as though it's a pause in the sense of everything the IRS is doing is suspended. That's not... Is there any deficiency that you allege in what happened between the IRS and your clients that did not occur during a hearing other than the leaving the business card? Yeah, absolutely. I mean, up until before we even had the CDP hearing, my clients sent in their notice for the collection due process hearing, and as we describe in the complaint and in our brief, the IRS put that aside. They violated the law. They're required to kick that notice up to the appeals section and schedule a hearing. They didn't do it. They essentially deep-sixed it for 90 or 120 days. The taxpayers had to file a 9-11 form, which is to the Taxpayer Advocate Office, asking for assistance. It was then the Taxpayer Advocate Office that got involved, got a hold of appeals and said, you have to... Yes. Yes, there is a provision in the tax code. I had it in my brief. I can't tell you offhand. But yes, there is a provision that says that once the IRS gets that notice, once you file that notice, they have to schedule a hearing. And what happened in this case is the IRS agent said, I'm not scheduling that hearing because she wanted to go after the Denny's personally and assess the trust fund recovery penalty against them before she allowed the CDP hearing to happen as to the corporation. And she wanted to use that personal assessment to jam them up in terms of collecting. It was all about collecting. Everything was about collecting. And she tried to use that personal assessment against them to leverage the business. Well, that's what we know because we had those hearings and the Taxpayer Advocate Office then instructed them, that IRS agent, to schedule that CDP hearing. And then we had that CDP hearing, and then the district council or the district office in Detroit got involved and then later determined, after she got involved, that that IRS agent in Chicago that handled that CDP hearing was biased. She looked at the other... And then you got another hearing. We did, but up to that point, I have never, I'm telling you, I have never in 20-some years, I have never seen a district representative from Detroit... So you claim that you would have under the statute some damages from that time period. Yes, and even before the CDP hearing. Absolutely. Our complaint laid out claims before that. I think you've answered the question. If there are no further questions... I have a question. I finally have the statute before me. It doesn't say collection action. It says, in connection with any collection of a federal tax. Now, I'm understanding the district court, the lower court, to have said this isn't in connection with the collection of a federal tax. It's rather in connection with something set up to limit the collection of a tax. Well, and that's, I think, where we get into some of the cases that have come out, like Shaw and some of these other cases that have said that a CDP hearing is, it's not a collection, it's... It's got to be in connection with a collection, though. It's not a collection. They're saying it's in terms of the assessment. And what I point to you, in every case that the IRS cites here... I understand it's not solely with respect to assessment. It also includes a way in which the taxpayer can contest, I guess, the way in which collection is going to happen. It's a contest the collection proceeding, or can be. Yes. You're contesting the collection. And the argument is that that's something that's not collection. It's something that's potentially stopping collection. Correct. And I think that's incorrect. I think that's an incorrect review. I understand, but now we're finally getting, in my view, to what the crux of the case is. Why is that incorrect? Because if we're saying sovereign immunity, it's got to be limited, Congress has to be very crisp when it allows the public purse to be open for people who don't like what's happening, to say if the government is collecting taxes from you and violates the law, you can get damages. But if the government is providing protections and doesn't do it in a right fashion, you get damages. It's a little bit more than that. It's saying more than the literal language of the statute says. That's what seems to me the lower court held, in effect. That's how I read it. And I'm wondering what the answer to that is. Are you with me? I think I'm with you, and I think the answer is this. I think the lower court erred in two ways. Number one, I think that he didn't examine the complaint in terms of the before the CDP hearing when the IRS was actually engaged in collection. So that's one element. Do you have allegations that don't relate to the CDP hearing? We have allegations to relate pre-CDP hearing when there was actual collection going on. As you said, there's collection going on. What are the allegations before the hearing? The issues that the IRS did with declaring or providing notification to anybody who saw the notice that was taped to the wall in the lobby of the office? All this presumes that the word collection, which is what Judge Rogers is asking you to focus on, includes what you then go on to describe as collection activities or collection actions or other things. In other words, is posting a business card in a lobby, is that collection as opposed to a collection activity? And if there is a difference, did Congress intend to waive its sovereign immunity for one but not the other? That's really what this comes down to. Yes, and I think that is definitely collection. When the IRS is saying you need to collect. I know that's what you think, but what authority do you have? I think we would all agree that a levy, which results in the IRS getting money, that's collection. Now, what authority do you have that things that are precursors to that, that are required by the code, are in turn collection as opposed to an activity leading up to a collection? Well, I think when an IRS gives somebody a notice or a letter and says you need to call me right away, you need to make arrangements to pay this right away, or something bad is going to happen to you, that's collection. Well, it's not collection just because you say it's collection. What authority do you have that says that sort of thing is collection as opposed to a collection activity if there is a meaningful difference? I don't think there is a meaningful difference. If there is a meaningful difference, is what you described a collection activity or is it a collection? Because it didn't result in any money. Well, I think it's both, but I don't think it has to result in money to be collection or a collection activity. All right. So, in other words, there isn't any authority. You're making a good argument, but you don't have any authority. Well, the authority I would say to you is that the internal revenue people, they use what they call the collection manual. There are sections within the Internal Revenue Code and the regulations, and I can't cite to every one of them. You know you can't predicate your claim on a manual, right? I understand that. But I'm saying it's evidence as to what they're using to do their work, and the sections within the Internal Revenue Code provide for them to do their work in that fashion. We thank you both for your argument. We'll consider the case carefully, and I believe the rest of the cases this morning are on the briefs, so you may adjourn court.